IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY

ALEX WASSERMAN AND
JORDANA TOBE,

    Plaintiffs,

v.

WAL-MART STORES EAST, LP,                      CIVIL DIVISION

    Defendant.                                                CASE NO.:
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, by and through the undersigned counsel, hereby sue the Defendant, WAL-MART STORES EAST, LP, and allege:

1. This is an action for damages which exceed seventy five thousand dollars ($75,000.00) exclusive of interest and costs.

2. At the time of the subject incident, the Plaintiff, ALEX WASSERMAN, was and is resident of Canada and is otherwise *sui juris*.

3. At the time of the subject incident, the Plaintiff, JORDANA TOBE, was and is resident of Canada and is otherwise *sui juris*.

4. At all times material hereto, the Defendant, WAL-MART STORES EAST, LP, was and is company doing substantial business in Broward County, Florida.

5. Venue is proper in this County in that the Defendant does business in Broward County, Florida and/or all of the acts complained of herein occurred in Broward County, Florida.

6. That on or about July 26, 2016, the Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, were business invitees of the Defendant, WAL-MART STORES EAST, LP.

EXHIBIT A

7. That at all times material hereto, and specifically on July 26, 2016, Defendant, WAL-MART STORES EAST, LP, owned, managed, controlled, operated, and/or maintained the premises and parking lot located at 2551 E. Hallandale Beach Blvd., Hallandale Beach, FL 33009 in Broward County.

8. That on or about July 26, 2016, the Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, were walking across the parking lot of Defendant, WAL-MART STORES EAST, LP, when a vehicle struck both of them.

9. That the Defendant owed to its business invitees a duty to provide a reasonably safe environment for pedestrians and vehicles and to warn of any dangers which Defendant knew or should have known of and which were not readily apparent to its invitees.

10. That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by:

a. By failing to provide a safe means of pedestrian access to the store from the parking lot;

b. By negligently designing, configuring, maintaining and controlling the parking lot to create a misleading trap to pedestrians from the parking lot directly into dangerous traffic and deceiving them that it was safe to cross the parking lot;

c. By having a parking lot that lacked appropriate safety features to control traffic movement and speed thus creating a foreseeable risk of harm to pedestrians;

d. By negligently designing, laying out, configuring, maintaining and controlling a parking lot that forced pedestrians into a known and/or foreseeable zone of danger;

e. By having a parking lot that was designed, configured, maintained and controlled in such a way so as to violate industry standards intended to protect a specific group of individuals, namely pedestrians heading to the store;

f. By having a parking lot that was designed and/or configured not in conformity with plans and permits;

g. By having a parking lot that failed to have appropriate safe pedestrian crossings;

h. By failing to have appropriate warnings or other instructions for pedestrians so they wouldn't be deceived into thinking it was safe to cross the parking lot;

i. By failing to have a safe access from the parking lot into and through to the store for pedestrians;

j. By failing to provide an adequate and safe pedestrian crossing; and/or

k. Other acts of negligence and fault as discovery may reveal.

11. That the Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiffs, and the condition had existed for a sufficient length of time that the Defendants knew or should have known of the condition and could have easily remedied it.

12. As a direct and proximate result of the aforementioned negligence of the Defendant, WAL-MART STORES EAST, LP, the Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, were struck by a vehicle and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, grief, anguish, inability to lead a normal life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition and further incurred hospital bills, medical bills, and other bills as a result of said injuries; said injuries

are either permanent or continuing in their nature and the Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, will suffer the losses in the future.

WHEREFORE, the Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, hereby demand judgment for damages, costs and interest from the Defendant, WAL-MART STORES EAST, LP, together with whatever other relief the Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

The Plaintiffs, ALEX WASSERMAN AND JORDANA TOBE, hereby demand trial by jury of all issues so triable as a matter of right.

Dated: March 17, 2020

> **RUBENSTEIN LAW, P.A.**
> Attorneys for Plaintiff
> 9130 South Dadeland Boulevard, PH
> Miami, FL 33156
> Tel: (305) 661-6000
> Fax: (786) 230-2936
> Email:  gregory@rubensteinlaw.com
>                lcueto@rubensteinlaw.com
>                eservice@rubensteinlaw.com
>
> By:    /s/ Gregory Deutch
>           **Gregory Deutch**
>           Florida Bar No.: 30835